[Crim. No. 3206. Fifth Dist., Dec. 21, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
LINDA CARLSON, Defendant and Appellant.

## COUNSEL

Catherine A. Close, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Paul V. Bishop and Vincent J. Scally, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN (G. A.), P. J.**—Appellant was convicted, after a jury trial, of fraudulently obtaining aid to families with dependent children (Welf. & Inst. Code, § 11483) and perjury (Pen. Code, § 118). On appeal she contends that the prosecution failed to prove an essential element for conviction under Welfare and Institutions Code section 11483 and that her right to a speedy trial was violated. We consider these contentions in reverse order.

### SPEEDY TRIAL

The information against appellant was filed January 21, 1977. She was arraigned on January 31, 1977, and upon her plea of not guilty the matter was set for trial on March 21, 1977. The case was called on March 21, 1977, but was continued to March 22, 1977, apparently after previously called cases had been assigned to all "vacant" courts. On March 22, 1977, the 60th day following the filing of the information, appellant appeared for trial. For want of an open court, the case was again trailed until March 23, 1977. Apparently a civil case was assigned to an available court in preference to appellant's case.[1] The record

---

[1]The only support in the record for appellant's contention that a civil case was assigned ahead of her criminal case on March 22 is counsel's later statement on March 23 that this is what happened.

before us does not reflect whether appellant objected on March 22, 1977, to the continued trailing of her case. On March 23, 1977, appellant moved to dismiss the case pursuant to Penal Code section 1382.[2] The dismissal motion was denied and the case proceeded to trial on the 61st day, March 23, 1977.

Appellant contends that the prosecution failed to show good cause for the delay and that, in fact, delay resulted from the giving of preference to a civil case over her criminal case in violation of Penal Code section 1050. Conceding that she has made and can make no showing of prejudice and recognizing that such a showing has been held essential to justify appellate reversal (*People* v. *Wilson* (1963) 60 Cal.2d 139, 150-154 [32 Cal.Rptr. 44, 383 P.2d 452]), appellant argues that prejudice need not be shown since she moved to dismiss before the case was called for trial and because the section 1050 precedence mandate was violated.

■ We hold that appellant has failed to establish a basis for reversal. A timely trial level objection to the setting of the case beyond the 60-day period was not made, thus barring appellant from raising the issue on appeal (*Townsend* v. *Superior Court* (1975) 15 Cal.3d 774, 783 [126 Cal.Rptr. 251, 543 P.2d 619]), and, as has been conceded, there has been no showing of prejudice. The fact that a violation of Penal Code section 1382 occurred because the mandate of Penal Code section 1050 was allegedly violated[3] is not a substitute for such a showing. The provisions of Penal Code section 1050 "merely establish a policy [citation]; are not absolute [citation]; and do not require that criminal proceedings be given preference over civil proceedings regardless of the circumstances." (*People* v. *McFarland* (1962) 209 Cal.App.2d 772, 777 [26 Cal.Rptr. 596].) There was no abuse of discretion. (*Id.,* at p. 776.)

---

[2]Penal Code section 1382 provides in part as follows:
"The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

". . . . . . . . . . . . . . . . . .

"2. When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information . . . except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, express or implied, or because of his neglect or failure to appear and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter."

[3]Since the record does not contain a transcript of the section 1382 proceeding, we do not know what, if any, showing of good cause was attempted or made.

## Failure To Prove Ineligibility
## For AFDC Benefits

■ Appellant was convicted under Welfare and Institutions Code section 11483, which provides in pertinent part: "Whenever any person has, by means of false statement or representation or by impersonation or other fraudulent device, obtained aid for a child not in fact entitled thereto, the person obtaining such aid shall be punished as follows: . . ."

A conviction under section 11483 requires proof that the recipient both made false declarations and received aid for a child who was not entitled thereto. Aid to families with dependent children (AFDC) is awarded in California pursuant to Welfare and Institutions Code section 11250, which provides:

"Aid shall be granted under the provisions of this chapter, and subject to the regulations of the department, to families with related children under the age of 18 years, except as provided in Section 11253, in need thereof because they have been deprived of parental support or care due to:

"(a) The death, physical or mental incapacity, or incarceration of a parent; or

"(b) The divorce, separation or desertion of a parent or parents and resultant continued absence of a parent from the home for these or other reasons; or

"(c) The unemployment of a parent or parents."

On December 30, 1975, appellant applied for AFDC benefits through the Fresno County Welfare Department under the Absent Father Deprivation Program (subd. (b) of § 11250). That program requires as a precondition to eligibility that the recipient children be deprived of their father. The appellant's application stated that the children's father, Keith Carlson, was absent and believed to be in Michigan. The absent father program also required that appellant report to the welfare department when the father returned to the home. The evidence favorable to respondent was to the effect that the father did return to live with appellant and the children from March through August 1976. Appellant continued to accept benefits while failing to report on the father's presence. Appellant tendered the defense that the father was not present

in the home within the meaning of the law. Keith testified that when he returned from Michigan he stayed two days in Fresno and then moved to Van Nuys where he stayed with a cousin. He testified that from March to August 1976 he was doing free-lance handiwork in Van Nuys, such as landscape work, lawn cutting, cleaning up and other odd jobs. He acknowledged that during the March to August period he did visit appellant and the children several times each month, but when he did stay overnight he slept in his van, which he parked in various Fresno locations. He testified that he did not move in with appellant until October 1976. Appellant's testimony was essentially the same.

Appellant now argues that the prosecution offered no evidence to rebut the possibility that appellant would have been eligible for benefits under subdivision (c) of section 11250 because of the father's unemployment. In other words, appellant argues that, in addition to showing that a welfare recipient is not eligible for aid under the specific basis on which it was sought and obtained, the prosecution must prove a negative, to wit, that the recipient was not eligible on any other basis. Appellant's argument raises the basic question of whether a person can be convicted of a violation of section 11483 when she obtains aid to which a needy child is entitled, albeit said entitlement is on a basis other than that under which aid is sought. Must the prosecution, as an element of the offense, negate the possibility that a person who applies for AFDC on one basis is eligible on some other basis?

Appellant's interpretation of the statute seems unreasonable to us and cannot be what the Legislature intended. It would or could encourage welfare recipients who may or may not be eligible on a different basis to make their own unilateral determinations of their own eligibility, excluding the welfare department from the process. If this should occur it would wreak havoc with the administration of the AFDC program. It overlooks the obvious fact that if a recipient knows she is no longer eligible on the original basis on which she is obtaining aid (absent father) but believes in good faith she is eligible on another basis (unemployment of the father) she certainly would seek aid on the alternative basis rather than risk a perjury conviction for continuing to file false declarations.

In light of the foregoing, it appears to us that the more reasonable interpretation of section 11483 is that it punishes obtaining aid for a child not entitled thereto on the basis upon which the aid was sought and obtained and that the prosecution does not have the obligation to prove ineligibility upon all possible grounds. Nor is it a defense to a

prosecution for violation of the section to show eligibility upon some ground other than that for which the aid was obtained.

Appellant places primary reliance upon *People* v. *Dixon* (1975) 46 Cal.App.3d 431 [120 Cal.Rptr. 163]. A close reading of that case shows the reliance is misplaced. The case involved a prosecution for obtaining health care in violation of Welfare and Institutions Code section 14014.[4] The court held that proof of two factors is requisite to establish the offense: (1) the false declaration, and (2) the receipt of ineligible health care. The court points out that the prosecution proceeded on the theory that a conviction could be had by mere proof of a false affirmation alone, it being unnecessary for the prosecution to prove ineligibility for health care. The court was not confronted with the issue of ineligibility under one or more subsections of a statute, such as is involved in the case at bench, and we construe the case to say nothing more than that some basis of ineligibility must be shown by the prosecution. Thus appellant herein would be in the position of the appellant in the *Dixon* case only if the prosecution had failed to make any proof of the absence of the father.

The judgment is affirmed.

Franson, J., and Hopper, J., concurred.

---

[4]Welfare and Institutions Code section 14014 provided at the time *People* v. *Dixon*, *supra*, 46 Cal.App.3d 431, was decided that: "Any person receiving health care for which he was not eligible on the basis of false declarations as to his eligibility shall be liable for repayment and shall be guilty of a misdemeaner or felony depending on the amount paid in his behalf for which he was not eligible, as specified in section 487 of the Penal Code."