[Crim. No. 1827. Fourth Dist. Nov. 19, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. WALTER EMMETT McFARLAND, Defendant and Appellant.

Walter Emmett McFarland, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—This is an appeal from a judgment after conviction of the offense of burglary in the second degree, i.e., a violation of section 459 of the Penal Code, upon the following stated grounds:

"1. That the Court erred in denying motion to dismiss against defendant.

"2. That the Court exceeded its jurisdiction in proceeding against defendant after the statutory time provided by law.

"3. The evidence is insufficient to sustain the judgment of conviction of burglary."

## Re Motion to Dismiss and Alleged Lack of Jurisdiction

On these issues, of primary concern are the provisions of Penal Code, section 681a, declaring an early trial policy, section 1050 which gives criminal cases precedence over civil cases, and section 1382 prescribing a 60-day trial date limitation.

The instant action arose out of an information filed on December 8, 1960, charging the defendant McFarland, who is the appellant herein, and a codefendant named Wallace, with burglarizing a church in Encinitas, California; with an attempt to commit another burglary; and with prior convictions. They pleaded ''not guilty'' to the burglary charges, and admitted the prior convictions. The trial on the issues raised by the ''not guilty'' pleas was held in May 1961, following two continuances granted at the request of the defendant Wallace and consented to by the defendant McFarland; resulted in a verdict of acquittal of the attempt charge; and culminated in an order declaring a mistrial as to the burglary charge. Thereupon, the case was set for retrial on June 21st; on June 16th was reset for August 4th, upon the granting of a motion for continuance, the record not identifying the moving party, and appellant waived the 60-day limitation; on August 3d was reset for October 2d at the request of defendant Wallace, and appellant again waived the 60-day limitation; on October 2d was continued for one week at the request of the defendant Wallace, whose attorney was engaged in the trial of a civil action involving several parties represented by as many counsel, and the court was advised that Wallace might change his plea from ''not guilty'' to ''guilty,'' in which event the district attorney would move for a dismissal as against appellant, because he then was serving a term of imprisonment in a state prison on another charge, but appellant stated that he would ''not waive the sixty days again''; and on October 4th, two days later, was continued to November 10th, at the request of the district attorney, when it appeared that the defendant Wallace did not intend to change his plea from ''not guilty'' to ''guilty'' and upon a showing that the district attorney, in reliance upon the expected change of plea had not subpoenaed the People's witnesses, some of whom were in the northern part of the state, and the appellant, through his attorney, objected to the continuance. On November 9th appellant moved for a dismissal upon the ground that he, ''has not been timely retried within the period prescribed by Section

1382 of the Penal Code of the State of California.'' At the hearing on this motion the aforesaid facts were brought to the attention of the court; it also appeared that the attorney for Wallace did not finish with the trial of the civil case in which he was engaged on October 4th until October 19th and that he thereupon immediately commenced the trial of a previously set criminal case which had just concluded. At all times following the conclusion of the first trial the defendant had been imprisoned at the state prison at Chino, California, for a previously convicted offense, and was brought to the trial court on each of the foregoing occasions. No issue was raised concerning the unavailability of any witness on his behalf because of the delay.

■ The rule governing a decision in this case is that expressed in *In re Lopez,* 39 Cal.2d 118, 120 [245 P.2d 1], where a trial was continued to a date beyond the 60-day period with the defendant's consent, and then was continued for an additional 21 days without his consent and over his objection, and the court said:

''The defendant was not entitled to go to trial as of right on the day to which he last consented if good cause appeared for further delay. But the further delay must not be unreasonable and good cause is shown where the condition of the court's business would not permit the trial to proceed.''

In the instant case, no objection can be made for the delays preceding October 2d, as the appellant consented thereto.

■ The provisions of section 1382 of the Penal Code prescribing the 60-day limitation period, upon which appellant places great stress, do not require the dismissal of a criminal action for failure to bring it to trial within the designated period even though the defendant does not consent to any extension thereof if ''good cause'' is shown for not bringing it to trial within that time. (*Ferenz* v. *Superior Court,* 53 Cal. App.2d 639, 642 [128 P.2d 48] ; *People* v. *Brock,* 87 Cal.App. 601, 605 [262 P. 369, 263 P. 544].) Section 1383 of the Penal Code provides:

''If the defendant is not charged or tried, as provided in ... [§ 1382], and sufficient reason therefor is shown, the Court may order the action to be continued from time to time, . . .''

■ What constitutes ''good cause'' for the delay of a criminal trial is a matter within the discretion of the trial court, and its determination in the premises, absent a showing of any abuse of that discretion, will not be disturbed on appeal. (*People* v. *Farrington,* 140 Cal. 656, 658 [74 P. 288] ; *In re*

*Lopez, supra,* 39 Cal.2d 118, 120; *People* v. *Burns,* 128 Cal. App. 226, 229 [16 P.2d 1015]; *People* v. *Brock, supra,* 87 Cal. App. 601, 608.) ▮ The October 2d continuance was requested by appellant's codefendant Wallace because his attorney was engaged in a previously set civil trial. The reason for the length of the continuance was the fact that the district attorney would require additional time to subpoena the People's witnesses, some of whom lived outside the county, as preparation to obtain their appearance had not been made previously because of the likelihood that Wallace would enter a plea of guilty and the matter would be dismissed as to appellant. These facts sustain the conclusion that "good cause" existed for granting the continuance to which appellant objected and that, under all of the circumstances heretofore noted, the length thereof was not unreasonable.

Appellant contends that the only reason for the continuance in question was to permit counsel for Wallace to finish a civil trial, and this was not "good cause" as it gave precedence to a civil over a criminal action, contrary to the provisions of Penal Code section 1050, and cites *Herrick* v. *Municipal Court,* 151 Cal.App.2d 804 [312 P.2d 264], in support of this contention. ▮ The provisions relied upon merely establish a policy (*People* v. *Tenedor,* 107 Cal.App.2d 581, 583 [237 P.2d 679]); are not absolute (*People* v. *Osslo,* 50 Cal.2d 75, 106 [323 P.2d 397]); and do not require that criminal proceedings be given precedence over civil proceedings regardless of the circumstances. (*People* v. *Osslo, supra,* 50 Cal.2d 75, 106.) Collaterally the provisions of section 681a of the Penal Code declare a policy that "criminal cases shall be heard and determined at the earliest possible time," and impose a duty upon the courts, judicial officers and district attorneys "to expedite the hearing and determination of all such cases and proceedings to the greatest degree that is consistent with the ends of justice." It is obvious that these provisions do not impose an arbitrary standard because the purposes to be achieved expressly are subservient to the "ends of justice." In the case cited by appellant, i.e., *Herrick* v. *Municipal Court, supra,* 151 Cal.App.2d 804, the defendant had not consented to a trial date beyond the statutory period, and evidence of a crowded civil calendar, in view of a failure to inform the Judicial Council of a lack of judges to try civil cases, was held not to constitute "good cause" for delay. These facts

clearly are distinguishable from those in the case at bar and the decision thereon is not controlling here.

The facts in the instant case do not establish that the continuance to which the defendant objected or the order denying his motion for a dismissal constituted an abuse of discretion. Under these circumstances, they are not ground for a reversal.

## INSUFFICIENCY OF THE EVIDENCE

When the sufficiency of the evidence to sustain a verdict is attacked on appeal, the court may not redetermine the issues presented to the jury, but must limit its review to an inquiry as to whether there is any substantial evidence, either direct or indirect, contradicted or uncontradicted, which supports the conclusion reached; if the record presents any such evidence the attack is without merit; and the facts in the instant case must be stated in accord with this time-honored rule. (*People* v. *Daugherty,* 40 Cal.2d 876, 885 [256 P.2d 911]; *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

The Encinitas Community Methodist Church located at Third and ''E'' Streets, was burglarized on the night of October 30th, or the early morning of October 31, 1960; the premises were left in a disheveled condition; several rooms had been entered, including that of the secretary; the doors into the latter room and into the pastor's study had been pried open; and petty cash in the sum of $6.30, consisting of two or three $1.00 bills, fifty cent pieces, a quarter and a nickel had been stolen from a box in the secretary's desk. In the early morning hours of October 31st, police officers saw appellant and the defendant Wallace about a block from the church in question; interrogated them; were shown what appellant had in his pockets, which consisted of a flashlight, a large pocket knife, a 4 inch Stanley brand screwdriver, and the sum of $6.35 made up of three $1.00 bills, six fifty cent pieces, a quarter, a nickel and five pennies; observed that appellant was wearing shoes with heels bearing a sunburst pattern and that those on the shoes worn by Wallace carried a shield design; and arrested them for vagrancy.

Later, the officers went to the church and, in an alley to the rear thereof as well as on the church property, saw footprints appearing to be the same size as those made by shoes which appellant and Wallace had been wearing, and containing heelprints with either a sunburst or shield design. At 9:30 o'clock on the same morning they returned to the church and determined that the point of entry was a window under a

stairwell in the vicinity of which they found footprints containing heel designs depicting a shield.

On the same morning two other officers went to the area where appellant and Wallace were first seen and later taken into custody; searched through the adjacent weed-covered grounds; and found a "keytainer containing some keys" and a single key bearing a tag marked "south door" which, before the burglary, had been kept in the secretary's desk drawer.

There were identifiable shoe prints in an area immediately adjacent to the rear of the church. These shoe prints, as shown by plaster casts made of some of them, were of such size, shape and heel design that they could have been made by shoes worn by appellant and Wallace.

An examination of a piece of wood from the door leading into the pastor's study, which had been pried open, showed a mark which could have been made by the screwdriver taken from appellant on the night of the burglary, and also bore paint comparable to traces thereof found on the screwdriver in question.

These facts amply support the verdict rendered.

Appellant contends that the subject burglary was committed after his arrest; that the failure of the officers on their first inspection of the church building, which occurred shortly after he was taken into custody, to see the indications of entry which they observed on their second visit, establishes that the burglary had not been committed at the time of his arrest; that, under these circumstances, he could not have participated therein; that this conclusion is verified by the fact that photographs of footprints outside the place of entry which were introduced at the first trial were not introduced at the second trial, from which it must be concluded that these photographs did not portray footprints matching those made by him or Wallace; and, therefore, he could not have committed the offense with which he was charged.

This argument goes to the weight of the evidence, including the inferences to be drawn therefrom, and disregards the rule that, "A conviction may not be set aside because the evidence is susceptible of two reasonable inferences, one looking to the guilt of the defendant and the other to his innocence." (*People* v. *Green*, 13 Cal.2d 37, 42 [87 P.2d 821].)

Furthermore, as he and Wallace did not testify, the jury was entitled to conclude that the inferences of guilt deducible from the evidence were more probably correct than

780

the inferences of innocence. (*People* v. *Neely*, 163 Cal.App.2d 289, 315 [329 P.2d 357].)

 Although not categorically listed as a ground for reversal, appellant also claims that the court erred in refusing to give an instruction requested by him that, "Evidence establishing merely that the defendant was present at the scene of the offense is not sufficient upon which to base a finding of guilty." This instruction involves a patent ambiguity resulting from the use of the clause "scene of the offense"; might refer to the place where the crime was committed regardless of the time when it was committed, or to both the place where and the time when the crime was committed; and properly was rejected. Moreover, after a review of the entire record, including the evidence, which heretofore has been outlined, we have concluded that it is not probable that a different verdict would have been rendered if the requested instruction had been given. Under the circumstances, the error complained of would not justify a reversal. (*People* v. *Watson*, 46 Cal.2d 818, 836 [299 P.2d 243].)

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied December 14, 1962.