[Civ. No. 64486. Second Dist., Div. Four. May 19, 1982.]

**GILBERT ERNESTO SANCHEZ, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.**

COUNSEL

Potter, Ridenour & Cohen and Paul E. Potter for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Maurice H. Oppenheim, Deputy District Attorneys, for Real Party in Interest.

OPINION

**WOODS, P. J.**—This proceeding in mandate, initiated by a defendant in a criminal action seeking pretrial review of a denial of his motion to

dismiss, presents a conflict between an in-custody defendant's right to speedy trial as specified in Penal Code section 1382, subdivision 2, and the statutory preference for trying jointly charged defendants in the same proceedings as stated in Penal Code section 1098. Petitioner's trial was continued beyond the statutory period, over his objections, on the ground that the deputy public defender representing a jointly charged codefendant was unavailable because he was engaged in and assigned to other "must-go" criminal trials.

We have concluded that, in the case here presented, the preference for joint trial did not constitute good cause to delay petitioner's trial beyond the statutory period.

On November 3, 1981, a one-count information was filed jointly charging petitioner and his two codefendants, Jose Sanchez and Santo Santiago, with burglary in violation of Penal Code section 459. Petitioner had been in custody since his arrest on October 1, 1981, on this charge, and remained in custody throughout the remaining proceedings. Both codefendants were at liberty on bail. At arraignment, the county public defender declared a conflict and private counsel were appointed for petitioner and Santiago. The public defender continued to represent defendant Jose Sanchez. All defendants pleaded not guilty and a joint jury trial was set for December 28, 1981.

At the proceedings on December 28, counsel for defendant Santiago advised the court that Santiago had been hospitalized for an indeterminate period. Deputy Public Defender Hall, who represented defendant Jose Sanchez, advised the court that he was engaged in another criminal trial and was assigned to two other "must-go" criminal trials immediately thereafter. He estimated he would not be available until after January 20, and moved for a continuance to that date. His client who remained at liberty on bail waived time. On this representation the court found good cause for continuance of the joint trial of petitioner and Jose Sanchez to January 11 or an earlier date if Deputy Hall became available sooner than anticipated. The trial of defendant Santiago was severed since his physical disability resulted in an inability to stand trial for an indefinite period.

Petitioner objected to the continuance beyond the statutory period, January 4, citing *People* v. *Johnson* (1980) 26 Cal.3d 557 [162 Cal. Rptr. 431, 606 P.2d 738], for the proposition that an in-custody defendant's trial may not be so delayed to accommodate the overcrowded

case load of appointed counsel. The court ruled that *Johnson, supra*, was inapplicable to multiple defendants jointly charged with the same offense. It found the continuance date, seven days beyond the statutory period, was not unreasonable.

Petitioner's counsel requested that another deputy public defender be assigned to represent Jose Sanchez at trial within the statutory period. The court denied this request, stating it had no control over that office and that another deputy could not prepare for trial by January 4.

On January 6, 1982, petitioner filed a written motion to dismiss the information, asserting denial of his right to a speedy trial.

At proceedings held on January 11, 1982, counsel for defendant Santiago advised the court that his client, who was not present, had been released from the hospital and expected to be "fully ambulatory within about two weeks." Argument was then heard on petitioner's motion to dismiss. The court, after reviewing the preliminary examination transcript, denied petitioner's motion on the ground that *Johnson, supra*, is not controlling where multiple defendants are jointly charged with the same offense and common witnesses and evidence make joint trial appropriate. The court did not comment as to the number of expected witnesses or the relative difficulty of obtaining them for separate trials.[1] The court then granted a further continuance for the joint trial of petitioner and Jose Sanchez to January 25, with defendant Santiago also to be tried that date if physically able. The court was careful to specify that the continuance was based solely upon the fact that Deputy Hall was engaged in other trials, rather than the illness of defendant Santiago. Defendant objected to the continuance. Defendant Jose Sanchez waived time.

On January 25, defendant Santiago appeared and was ready for trial. Deputy Hall announced readiness and the joint trial of the three defendants was ordered trailed on a day-to-day basis. Petitioner thereupon renewed his motion to dismiss. It was denied, the trial court reiterating the reasons previously stated.

■ The right of a defendant in a criminal case to a speedy trial is secured by the Sixth Amendment to the United States Constitution, as made applicable to the states by the Fourteenth. The right to "a speedy

---

[1]Neither party has lodged a copy of the preliminary examination transcript.

public trial" is independently secured by article I, section 15 of the California Constitution. As was recently observed in *People* v. *Johnson, supra,* 26 Cal.3d 557, 563: "Although the federal constitutional right to a speedy trial may indeed have an 'amorphous quality' (*Barker* v. *Wingo* (1972) 407 U.S. 514, 522 . . .), our own Legislature has defined certain time periods beyond which the right suffers infringement and has simplified our courts' application of the right." "The States, of course, are free to prescribe a reasonable period consistent with constitutional standards, . . ." (*Barker* v. *Wingo* (1972) 407 U.S. 514, 523 [33 L.Ed.2d 101, 113, 92 S.Ct. 2182].)

Section 1382 of the California Penal Code provides for mandatory dismissal of an action in superior court if a case is continued, without the express or implied consent of the defendant, beyond the 60-day period following the filing of the indictment or filing of the information "unless good cause to the contrary is shown." What constitutes "good cause" for delay depends on the circumstances of each case and is a determination within the discretion of the trial court. Absent a showing of an abuse of that discretion, the determination of the trial court will not be disturbed on appellate review. (*People* v. *Johnson, supra,* 26 Cal.3d at p. 570; *People* v. *McFarland* (1962) 209 Cal.App.2d 772, 776 [26 Cal.Rptr. 596].) Where a claimed violation of the right is on appellate review prior to conviction, prejudice from the delay will be presumed upon a finding that the prosecution failed to meet its burden of proof and persuasion that the delay was occasioned by "good cause." (*People* v. *Wilson* (1963) 60 Cal.2d 139, 151-152 [32 Cal.Rptr. 44, 383 P.2d 452].)

In *People* v. *Johnson, supra,* 26 Cal.3d 557, the trial of an indigent in-custody defendant in a criminal action was continued beyond the 60-day period, over his objection, for the sole reason that the deputy public defender appointed to represent him was engaged in and assigned to other "must-go" criminal trials. The *Johnson* court[2] held that where an indigent defendant is in custody awaiting trial, the state has the same obligation to provide him appointed counsel who can bring the case to trial within the statutory period as its already recognized obligation to provide sufficient courtrooms, judges, and prosecutors toward that end. (*Id.,* at pp. 570-571.) Conflicting trial obligations resulting from the routine assignment of heavy case loads to chronically overbur-

---

[2]Justice Tobriner, with Justices Mosk and Newman concurring. Bird, C. J., concurring, but dissenting as to the rule that actual prejudice must be shown on appeal for reversal. Justices Richardson, Clark, and Manuel dissenting.

dened deputy public defenders and appointed counsel may not constitute good cause for such delay. Only extraordinary, nonrecurring circumstances creating an inordinately heavy case load may constitute such good cause. (*Id.*, at pp. 571-572.)

It is important for purposes of the present discussion to note the principal rationale for the *Johnson* rule. "A defendant who is incarcerated pending trial, such as defendant Johnson, suffers particular harm when he is denied his right to trial within the statutory period. The following discussion of the 'good cause' provision of section 1382 is limited to the case of an incarcerated defendant." (*People* v. *Johnson, supra*, 26 Cal.3d at p. 569; fn. omitted.) The *Johnson* court observed: "In 1901 this court in *In re Begerow* (1901) 133 Cal. 349, 355 ..., stated that the purpose of the state constitutional protection of the right to a speedy trial is 'to protect those accused of crime against possible delay, caused either by willful oppression, or the neglect of the state or its officers.' '[T]he state or its officers,' we must observe, includes not only the prosecution, but the judiciary and those whom judges assign to represent indigent defendants; 'oppression' or 'neglect' may include the failure to provide the facilities and personnel needed to implement the right to speedy trial." (*People* v. *Johnson, supra*, at p. 571.) Accordingly, *Johnson* concluded: "[T]he state is in no position to deny a defendant his right to a speedy trial because the state is unable to provide counsel who can bring the case to trial within the statutory limits. If the state wants to incarcerate a citizen it cannot do so in violation of the state's own obligations and in violation of its own self-imposed conditions of confinement. The state must be a model of compliance with its own precepts." (*People* v. *Johnson, supra*, at p. 580.)

■ The rule stated in *Johnson* is equally applicable to the present underlying prosecution where delay beyond the statutory period is caused by the unavailability of appointed counsel for a codefendant rather than petitioner's own appointed counsel. The cause of the delay is the same: failure of the state to provide the facilities and personnel needed to implement the right to speedy trial. The result is identical: the right of an in-custody defendant demanding a speedy trial is subordinated to the convenience of appointed counsel and the criminal justice system as he remains confined beyond the time prescribed until the system will accommodate him.

■ This brings the discussion to the ultimate question presented: whether, under the circumstances of this case and the considerations

just discussed, the legislative preference for joint trial embodied in section 1098 of the Penal Code constitutes "good cause" to overcome petitioner's right to trial within the 60-day period.[3]

Section 1098 of the Penal Code provides in pertinent part: "When two or more defendants are jointly charged with any public offense, whether felony or misdemeanor, they must be tried jointly, unless the court orders separate trials. In ordering separate trials, the court in its discretion may order a separate trial as to one or more defendants, and a joint trial as to the others, ..."

Thus, neither a defendant's constitutional right to trial within the 60-day period nor the mandate for joint trial are absolute, but are subject to the discretion of the trial court in evaluation of conflicting policy and pragmatic considerations. No reported case has held the appropriateness of joint trial to overcome a defendant's right to trial within the statutory period under circumstances similar to the present underlying action.

The People rely on *People* v. *Clark* (1965) 62 Cal.2d 870 [44 Cal. Rptr. 784, 402 P.2d 856], for the proposition that Penal Code section 1098 may constitute good cause for the delay of an in-custody defendant's trial beyond the 60-day period. However, *Clark* is patently distinguishable on its facts and nothing therein constitutes a barrier to extension of the *Johnson* rule to the present multiple-defendant situation.

The basis of the court finding that the two defendants in *Clark* had been denied a speedy trial was the revelation that the prosecution knew critical facts which the court found constituted clear grounds for severance, and failed to disclose them to the court or the defendants when continuances were sought; consequently, the continuances were granted without good cause and the motions to dismiss and for severance were deemed erroneously denied. There was an abuse of discretion in grant-

---

[3]Whether the physical inability of codefendant Santiago to stand trial within the statutory period could constitute good cause for the delay is not relevant here, because the respondent carefully and consistently stated that none of its rulings were based to any extent upon Santiago's unavailability. Rather, all these rulings were predicated exclusively upon the appropriateness of conducting a joint trial of petitioner and Jose Sanchez. It was determined as of December 28, 1981, that Santiago's trial was severed from the trial of the other defendants. Accordingly, dictum in *People* v. *Johnson, supra*, 26 Cal.3d at page 570, footnote 15, suggesting illness of a codefendant might be good cause for delay, is inapposite here.

ing the delays where it was shown that the insistence on a joint trial was not in good faith, was solely for the purpose of obtaining an otherwise illegal delay, and was not reasonably predicated upon the purpose and intent of the statute which grants the right to try the defendants jointly.

The People also rely on the earlier case of *Ferenz v. Superior Court* (1942) 53 Cal.App.2d 639 [128 P.2d 48], for the primacy of the right of the state to jointly try defendants who have been jointly charged. But *Ferenz* too is simply a different case from the one presented here. *Ferenz* found that the right of seven defendants, jointly charged with subversive war-time activities, to a speedy trial was not violated by continuances, over objection, beyond the 60-day period because good cause was shown therefor and the length of the delay was not unreasonable. There, two other jointly charged codefendants were unavailable for trial because they were in the custody of federal authorities in connection with an on-going federal trial. A substantial number of the 50 witnesses to be called in the state trial were not available for trial within the 60-day period because they resided outside of the county or state and were beyond the subpoena power of the state court. These witnesses had indicated they would voluntarily make themselves available for only one trial, which was expected to last some eight to ten weeks. Under these circumstances, the appellate court found good cause existed for continuance and refusal to sever. The delay of 22 days beyond the statutory period was not unreasonable under the circumstances.

In contrast to the situation in *Ferenz*, the present underlying action presents no indication of a problem with witnesses or a complex or lengthy trial (here a minimum of two weeks had been estimated). Further, in *Ferenz* there was no fault or neglect attributable to the state criminal justice system. Neither the unavailability of the codefendants or witnesses, nor the expected duration and inherent complexity of the trial were there attributable to the misconduct or neglect of the state.

*People v. McFarland, supra*, 209 Cal.App.2d 772 [26 Cal.Rptr. 596], cited by the People, is inapposite here for at least two critical reasons. First, and most significant, defendant McFarland was not incarcerated merely pending the outcome of his trial. Rather, he was serving a term in state prison on a prior conviction. (*People v. McFarland, supra*, at p. 775.) Delay of his pending trial beyond the statutory period did not extend his incarceration and result in the "particular harm" which the *Johnson* court found to require stricter speedy trial protection. Even if

the remaining facts in *McFarland* were analogous to those in the present underlying action, *McFarland* would be no authority for limitation of the *Johnson* rule. Second, the *McFarland* opinion does not reveal whether the codefendant's trial counsel was appointed or private. If counsel were private, *McFarland* has even less relevance here.

We conclude that on balance, whatever unspecified "interests of justice" might be promoted by a joint trial in the underlying prosecution, the state interest cannot be permitted to subordinate the conflicting right of petitioner to a trial within the 60-day period. This result is compelled upon two grounds. First, under the rationale stated by the Supreme Court in *Johnson*, the state must not be permitted to "deny a defendant his right to a speedy trial because the state is unable to provide counsel who can bring the case to trial within the statutory limits." (*People* v. *Johnson, supra*, 26 Cal.3d at p. 580.) To allow the state to avoid this clear pronouncement by claiming a conflicting, nonabsolute right to a joint trial, in what appears to be a standard burglary prosecution, would render defendant's right meaningless. Second, while the preference for joint trial stated in section 1098 of the Penal Code serves judicial economy and the convenience of the court and counsel, such a consideration cannot subordinate the defendant's state constitutional right to a speedy trial without a showing of exceptional circumstances. As in *Ferenz* v. *Superior Court, supra*, 53 Cal.App.2d 639, the 60-day period specified in section 1382, subdivision 2 of the Penal Code has been described by the California Supreme Court as "'supplementary to and a construction of' the [state] Constitution." (*People* v. *Wilson, supra*, 60 Cal.2d at p. 145.)

Let a peremptory writ of mandate issue directing respondent to vacate its orders denying petitioner's motions to dismiss in Los Angeles Superior Court case number A588963, entitled People v. Gilbert Sanchez et al., and make a new and different order dismissing that information as to petitioner. As to petitioner only, trial in that underlying action shall remain stayed until 60 days following the filing of this opinion.

Kingsley, J., and McClosky, J., concurred.