[Civ. No. 24030. Third Dist. Mar. 13, 1985.]

ROBERT DWAYNE HOLLIS, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

---

COUNSEL

Kenneth M. Wells, Public Defender, and Michael B. Bigelow, Assistant Public Defender, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Nancy Sweet and Edmund D. McMurray, Deputy Attorneys General, for Real Party in Interest.

---

OPINION

PUGLIA, P. J.—In his petition for writ of prohibition, Robert Dwayne Hollis seeks pretrial review of the respondent court's denial of his motion to dismiss the murder charge against him pursuant to Penal Code section 1382. So far as relevant here, that section provides: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . . . [¶] 2. When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information . . . ."

On February 21, 1984, the district attorney filed an information jointly charging petitioner, his brother Ellis Hollis, Clarence Phillips, and Mitchell Thomas with murder. (Pen. Code, § 187, subd. (a).) Trial was set for April 17, 1984, 56 days after the filing of the information.

On March 29, 1984, Ellis Hollis moved for continuance on the ground there was insufficient time for his appointed counsel to prepare adequately for trial. Defendants Phillips and Thomas joined in the motion and, together with Ellis Hollis, waived time. Petitioner objected to the continuance and demanded trial as originally scheduled. When the court raised the possibility of trying petitioner separately, counsel for petitioner indicated that a separate trial was of no tactical advantage to petitioner and disavowed any intention to force a severance. Thereupon, the court continued the case to May 31, 1984, 100 days after the filing of the information.

On May 22, 1984, petitioner moved under Penal Code section 1382 to dismiss the information as to him. The trial court denied the motion. Each

of the other defendants later pled guilty to false imprisonment (Pen. Code, § 236), as charged in the amended information.

The policy favoring seasonable disposition of criminal cases is stated in Penal Code section 1050, subdivision (a): "The welfare of the people of the State of California requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time. . . . It is therefore recognized that both the people and the defendant have the right to an expeditious disposition, and to that end it shall be the duty of all courts and judicial officers and of all counsel, both the prosecution and the defense, to expedite such proceedings to the greatest degree that is consistent with the ends of justice. . . ."

Penal Code section 1050, subdivision (b), permits a court to continue a criminal case only upon a showing of "good cause." If a case is continued beyond 60 days from the filing of the information without consent of defendant or, lacking that, good cause, Penal Code section 1382 requires a dismissal upon the defendant's motion. (*People* v. *Johnson* (1980) 26 Cal.3d 557, 569 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].)

■ Whether there is good cause for a delay beyond the 60-day limit depends on the circumstances of the particular case and is a determination within the discretion of the trial court. An appellate court will not disturb that determination absent a showing of abuse of discretion. (*Id.,* at p. 570.) ■ However, on pretrial review of such a determination, it will be presumed that defendant has been prejudiced by any delay not founded upon good cause. (*People* v. *Wilson* (1963) 60 Cal.2d 139, 151-152 [32 Cal.Rptr. 44, 383 P.2d 452].)

■ In criminal proceedings involving multiple defendants the right to speedy prosecution under Penal Code section 1382 sometimes conflicts with the statutory policy favoring joint trial of jointly charged defendants expressed in Penal Code section 1098. This commonly occurs when less than all jointly charged defendants request a continuance to which the remaining defendants object.

Petitioner relies heavily upon *Sanchez* v. *Superior Court* (1982) 131 Cal.App.3d 884 [182 Cal.Rptr. 703], a case which involved delay beyond the statutory period to which objection was made by one of the jointly charged defendants. In *Sanchez,* the information jointly charged petitioner and two codefendants with burglary. On the date set for trial, the deputy public defender representing one of the codefendants informed the trial court that he was presently engaged in another criminal trial immediately following which there were two other criminal trials assigned him which took precedence over petitioner's case. He then moved for continuance and his client waived time. Over petitioner's objection, the court continued the

case beyond the 60-day period. The trial court later denied petitioner's motion to dismiss under section 1382 and petitioner sought a writ of mandate. In granting the petition, the court held the state's interest in a joint trial of the jointly charged defendants did not constitute good cause for a continuance beyond the statutory period when the necessity for the delay was attributable solely to the "failure of the state to provide the facilities and personnel needed to implement the right to speedy trial." (*Id.*, at p. 890.) The court further noted that the trial was not likely to be lengthy or complex. (*Id.*, at p. 892.)

*Sanchez* is distinguishable in that the present case does not involve delay attributable to the state's failure to provide personnel or resources necessary to implement petitioner's speedy trial right. Although petitioner's codefendants were represented by appointed counsel, the continuance was not necessitated, as it was in *Sanchez*, by a conflicting commitment to another client on the date set for trial. The reasons for the continuance as stated in counsel's declaration were that "my investigation of the case has not been completed and in addition, there are numerous legal issues to be investigated plus contacting additional witnesses." Counsel's need for more than 60 days to complete preparations for a murder defense is certainly not uncommon and, standing alone, does not implicate the state in a failure to afford adequate defense resources. (Cf., *Sanchez, supra,* 131 Cal.App.3d at p. 890; *Rhinehart* v. *Municipal Court* (1984) 35 Cal.3d 772, 781-782 [200 Cal.Rptr. 916, 677 P.2d 1206].) Moreover, the prosecution was ready to proceed to trial of petitioner within the 60-day period.

█ Where a continuance is granted to a codefendant upon good cause, the rights of other jointly charged defendants are generally deemed not to have been prejudiced (*People* v. *Teale* (1965) 63 Cal.2d 178, 186 [45 Cal.Rptr. 729, 404 P.2d 209]). █ We are satisfied that under the circumstances here present the trial court correctly concluded the delay beyond the 60-day limit was founded upon good cause. In deciding the motion for continuance, the court was confronted with a dilemma. On the one hand, a continuance over petitioner's objection would provide petitioner with arguable grounds for dismissal under Penal Code section 1382. On the other hand, forcing a joint trial of all four defendants within the 60-day statutory period would place at risk the rights of three of them to adequate representation and a fair trial. Indeed, the trial court expressly found that a continuance was necessary to protect the rights of petitioner's codefendants to adequate representation. That conclusion is unchallengeable on this record.

The trial court balanced the competing interests in joint trial and speedy trial, noting that the charges were very substantial and the case complex. In overruling petitioner's objection to the continuance the court was, perforce, also cognizant that petitioner disclaimed any interest in severance and, more

importantly, had expressed doubt that a severance would work to his advantage.

Under the circumstances here there was good cause to continue petitioner's case and the court did not err in denying petitioner's motion to dismiss. (*Ferenz* v. *Superior Court* (1942) 53 Cal.App.2d 639, 641-643 [128 P.2d 48].)

The alternative writ of prohibition is discharged and the petition is denied. The stay previously issued is vacated.

Sparks, J., and Sims, J., concurred.

A petition for a rehearing was denied April 8, 1985, and the opinion was modified to read as printed above. Petitioner's application for a hearing by the Supreme Court was denied May 2, 1985.