178 Cal.App.4th 373 (2009)
DONALD SMITH, Petitioner,
v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.
No. A124763.
Court of Appeals of California, First District, Division Five.
October 13, 2009.
*375 Jeff Adachi, Public Defender, Teresa Caffese, Chief Attorney, Doug Welch and Charmaine Yu, Deputy Public Defenders, for Petitioner.
No appearance for Respondent.
Edmund G. Brown, Jr., Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Stan Helfman, Deputy Attorneys General, for Real Party in Interest.

*376 OPINION
BRUINIERS, J.
Donald Smith (Smith) contends that his statutory right to a speedy trial has been violated and seeks writ relief from the denial of his motion to dismiss. We agree and will grant the requested relief.

I. FACTUAL AND PROCEDURAL BACKGROUND
On February 10, 2009,[1] an information was filed, jointly charging Smith and Christopher Sims (Sims) with one felony count of first degree residential burglary (Pen. Code, § 459).[2] Smith was arraigned on February 11, and his statutory right to trial within 60 days of that date (§ 1382) was not waived. April 13 was calculated as the last day for trial. The court was informed on April 10 that counsel for codefendant Sims was ill and unavailable for trial. As to Smith, the court indicated its intent to sever or dismiss because the last day for trial was the following Monday, April 13. However, the People argued that good cause existed to continue the case for both defendants and not effect a severance.
On April 13, the last statutory day for trial, the court was informed that Sims's counsel remained ill and unavailable. Counsel for Smith objected to any continuance as to his client. The court, however, found good cause to continue the trial for both defendants, noting: "Greenberger [v. Superior Court (1990) 219 Cal.App.3d 487 [267 Cal.Rptr. 849]] says essentially this is an issue [of] whether a joinder overrides defendant's right to a speedy trial. Greenberger says if the only reason to continue a case past the last day is to keep the cases joined, that's not good cause under [section] 1382 . . . . But another reason, like, for example, one of the attorneys needs more time to investigate, thenI'm going to interpret that as the situation herewhere one attorney is ill and not able to come to court, that does constitute good cause to continue this past the last day for the codefendant, as well as the defendant, who is represented by the ill attorney." The court further indicated: "Today is pretty much still the last day. We will trail it day by day. I have to find out what [Sims's counsel's] condition is, when he can be able to come back, and when he will be able to tell me: Yes, I'm ready to go to trial. [¶] So I think the only safe thing to do is trail it day by day and put it over to the 14th."
On April 14 and April 16, the court made further findings of good cause to continue the trial of both defendants, over Smith's objection, due to the continuing unavailability of Sims's attorney. On April 17, Sims's counsel *377 appeared and stated that he anticipated being ready to try the case in a week. The court found good cause for continuing the matter to April 22, again over Smith's objection, but also indicated: "What we have to do, we have to be sure that I have counsel who's available, in the sense of well enough to do it. But then I will kick it to the last day, and I have to find a courtroom."[3]
On April 23, Sims's counsel remained ill but told the court he would be ready to try the case on April 27. The court stated: "For the record, [Sims's counsel] will be available and ready to try this and fully recovered on Monday, which means the last day for trial, according to case law, would be 10 days after Monday, April . . . 27th. [¶] So by my calculations, May 7th would be the last day." Smith maintained his objection to further continuances.
On April 27, the court, without discussion and over Smith's objection, "rolled" the case over until April 28. The matter was recalled later that same day, when Smith's counsel was not present, and the following exchange occurred on the record:
"[THE PEOPLE]: Can we recall one more matter? Line 402. It's the Sims matter. Mr. Lefcourt, can we put that matter over until the 28th? It's a no-time waiver. So I need some clarification on the record from [Sims's counsel].
"THE COURT: Mr. Lefcourt, on Christopher Simms [sic] we rolled it over until tomorrow. Ms. Lee needs clarification.
"[THE PEOPLE]: Well, it's past the
"[SIMS'S COUNSEL]: No. No.
"[THE PEOPLE]:last day. I just want to
"THE COURT: It's not past the last day.
"[SIMS'S COUNSEL]: There was a ruling. The last day is May 7th.
"[THE PEOPLE]: Okay. As long as that's clear. [Smith's counsel] has been objecting all this time on the codefendant matter.
"THE COURT: I have it listed as May 7th as the last day."
*378 On April 28, Smith's counsel moved to dismiss. Although the record before us does not include an explicit ruling on the motion, the parties agree that the motion was denied. After Smith filed the instant petition, we stayed the trial court proceedings against him and issued an order to show cause.

II. DISCUSSION
In this case we are required to reconcile the legislatively expressed preference for joint prosecutions with the right of a defendant to a speedy trial. We must interpret and apply the relevant provisions of section 1382, and consider the application and effect, if any, of section 1050.1, enacted by the voters in 1990 in Proposition 115.
(1) "The right to a speedy trial is a fundamental right. [Citation.] It is guaranteed by the state and federal Constitutions. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15.) The Legislature has also provided for `"a speedy and public" trial as one of the fundamental rights preserved to a defendant in a criminal action. (§ 686, subd. 1.)' [Citation.] To implement an accused's constitutional right to a speedy trial, the Legislature enacted section 1382. [Citation.] [¶] That section `constitutes a legislative endorsement of dismissal as a proper judicial sanction for violation of the constitutional guarantee of a speedy trial and as a legislative determination that a trial delayed more than [the prescribed period] is prima facie in violation of a defendant's constitutional right.' [Citation.] Thus, an accused is entitled to a dismissal if he is `brought to trial' beyond the time fixed in section 1382. [Citation.]" (Rhinehart v. Municipal Court (1984) 35 Cal.3d 772, 776 [200 Cal.Rptr. 916, 677 P.2d 1206].)
(2) Section 1382 provides, in relevant part: "(a) The court, unless good cause to the contrary is shown, shall order the action to be dismissed in the following cases: [¶] (1) When a person has been held to answer for a public offense and an information is not filed against that person within 15 days. [¶] (2) In a felony case, when a defendant is not brought to trial within 60 days of the defendant's arraignment on an indictment or information, or reinstatement of criminal proceedings . . . . However, an action shall not be dismissed under this paragraph if either of the following circumstances exist: [¶] (A) The defendant enters a general waiver of the 60-day trial requirement. A general waiver of the 60-day trial requirement entitles the superior court to set or continue a trial date without the sanction of dismissal should the case fail to proceed on the date set for trial. If the defendant, after proper notice to all parties, later withdraws his or her waiver in the superior court, the defendant shall be brought to trial within 60 days of the date of that withdrawal. If a general time waiver is not expressly entered, subparagraph (B) shall apply. [¶] (B) The defendant requests or consents to the setting of a *379 trial date beyond the 60-day period. Whenever a case is set for trial beyond the 60-day period by request or consent, expressed or implied, of the defendant without a general waiver, the defendant shall be brought to trial on the date set for trial or within 10 days thereafter." (Italics added.) The statute therefore provides for a 10-day "grace period" when continuance beyond the 60-day felony limitation is attributable to "the defendant."
Smith was not brought to trial within 60 days of his arraignment, and it is clear that Smith did not generally waive his speedy trial rights. Smith consistently objected to continuances, and while Smith does not challenge the showing of good cause for the continuances to April 27, there was no attempt by the prosecution to show good cause to continue the trial beyond April 27.[4] The trial court assumed, and the People argue here, that dismissal was not compelled because the 10-day grace period to bring the matter to trial, provided to the People by section 1382, subdivision (a)(2)(B), automatically applied to an objecting defendant whose codefendant requested a continuance. Smith contends that Sims's requests for continuance may not be imputed to him. Accordingly, the question is, since section 1382, subdivision (a)(2)(B) provides that the prosecution had the obligation to try Sims on April 27 or within 10 days thereafter (because Sims had requested continuances due to the unavailability of his counsel), does that same 10-day grace period applicable to Sims also apply to the trial of Smith? We conclude that it does not.

A. Standard of Review and Statutory Construction Principles

(3) A trial court's decision to grant a continuance for good cause is reviewed for abuse of discretion. (People v. Memro (1995) 11 Cal.4th 786, 852-853 [47 Cal.Rptr.2d 219, 905 P.2d 1305]; Hollis v. Superior Court (1985) 165 Cal.App.3d 642, 645 [211 Cal.Rptr. 649].) However, statutory construction is a question of law that we review independently. (People v. Love (2005) 132 Cal.App.4th 276, 284 [34 Cal.Rptr.3d 6].) To obtain pretrial relief, a defendant denied his or her statutory right to a speedy trial is not required to affirmatively show prejudice from the delay. (Hollis v. Superior Court, supra, 165 Cal.App.3d at p. 645; People v. Wilson (1963) 60 Cal.2d 139, 151 [32 Cal.Rptr. 44, 383 P.2d 452].)
(4) The goal of statutory interpretation is to ascertain and effectuate the Legislature's intent. (People v. Standish (2006) 38 Cal.4th 858, 869 [43 Cal.Rptr.3d 785, 135 P.3d 32].) "`In determining such intent, we begin with the language of the statute itself. [Citation.] That is, we look first to the words *380 the Legislature used, giving them their usual and ordinary meaning.' [Citation.]" (Ibid.) "`"If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on [its] face . . . or from its legislative history."' [Citation.]" (People v. Mackey (1985) 176 Cal.App.3d 177, 184 [221 Cal.Rptr. 405].) "Only when ambiguity exists do we `examine the context of the statute, striving to harmonize the provision internally and with related statutes, and we may also consult extrinsic indicia of intent as contained in the legislative history of the statute.' [Citation.] In addition, penal statutes are generally construed most favorably to the defendant. [Citation.] The same principles of statutory interpretation also apply to voter initiatives. [Citation.]" (Ramos v. Superior Court (2007) 146 Cal.App.4th 719, 727 [53 Cal.Rptr.3d 189] (Ramos).)

B. Plain Language of the Statutory Sections

We conclude that the plain language of section 1382 makes clear that the court erred by applying the statutory 10-day grace period to Smith. The exception to the 60-day rule, provided in section 1382, subdivision (a)(2)(B), is limited to cases when "[t]he defendant requests or consents to the setting of a trial date beyond the 60-day period." (Italics added.) The statute further provides: "Whenever a case is set for trial beyond the 60-day period by request or consent, expressed or implied, of the defendant without a general waiver, the defendant shall be brought to trial on the date set for trial or within 10 days thereafter." (§ 1382, subd. (a)(2)(B), italics added.) Adopting the People's interpretation would ignore the Legislature's use of the singular form of "defendant," rather than "the defendant, or any jointly charged defendant." Had the Legislature intended that section 1382, subdivision (a)(2)(B), also apply to an objecting codefendant, it could have said so.[5] It did not.
*381 Recognizing that their argument is not supported by the plain language of section 1382, the People argue that section 1050.1 operates, on these facts, to extend the 10-day grace period to any jointly charged defendant. The People cite no authority in direct support of their argument. We cannot read the language of section 1050.1 as expansively as urged by the People.
Proposition 115, enacted by the voters in 1990, added section 1050.1 which provides: "In any case in which two or more defendants are jointly charged in the same complaint, indictment, or information, and the court or magistrate, for good cause shown, continues the arraignment, preliminary hearing, or trial of one or more defendants, the continuance shall, upon motion of the prosecuting attorney, constitute good cause to continue the remaining defendants' cases so as to maintain joinder. The court or magistrate shall not cause jointly charged cases to be severed due to the unavailability or unpreparedness of one or more defendants unless it appears to the court or magistrate that it will be impossible for all defendants to be available and prepared within a reasonable period of time."
(5) Nothing in the text of section 1050.1, or its history, suggests that the electorate intended the 10-day grace period of section 1382 should thereby automatically apply to the trial of an objecting codefendant. Nor is such an interpretation required in order to harmonize the two statutory sections. The first sentence of section 1050.1 applies only to continuances for "good cause." Thus, this provision operated here only to maintain joinder during the continuances granted through April 27thereafter no good cause was shown. Further, the second sentence of section 1050.1 does not require that the 10-day grace period apply to Smith because severance would not otherwise be required due to "unavailability" or "unpreparedness." First, while the trial court initially considered the possibility of severance when Sims's counsel was first unavailable, no motion to sever was made. Second, severance would not have been required if trial had commenced on April 27. Sims's counsel was no longer unavailable or unprepared at that time.
Thus, we agree with Smith that sections 1050.1 and 1382 can be harmonized without applying the 10-day grace period to Smith. As Smith maintains: "Section 1050.1 would have been satisfied by commencement of joint trial on April 27, because there was no good cause for further continuance, and there was no need or request to sever the cases." Contrary to the People's assertion, a statutory preference for joint trial (§§ 1098, 1050.1) does not necessarily mean that an objecting defendant's speedy trial rights must give way to his codefendant's last possible trial date. (See § 1050, subd. (a) ["all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time"]; Arroyo v. Superior Court (2004) 119 Cal.App.4th 460, 464 [14 Cal.Rptr.3d 462] ["Section 1050.1 permits the court to continue one *382 defendant's trial beyond the 60 days, when his or her codefendant's trial has been continued for good cause shown. But [the codefendant's] trial date was never continued for good cause. . . . Section 1050.1 does not provide for the automatic tacking of each newly arraigned codefendant's statutory time to be brought to trial."].) The People essentially argue for automatic tacking of one defendant's last trial date to that of his or her codefendant. Neither section 1050.1 nor section 1382 provides for this.

C. Persuasive Authority Supports Our Interpretation

In addition to the plain language of the statutory provisions, Smith's argument is supported by authority that, although not precisely on point, is instructive. (See Ramos, supra, 146 Cal.App.4th 719.) In Ramos, the Second District Court of Appeal considered whether "good cause, attributed from one jointly charged codefendant to another pursuant to section 1050.1, permit[s] the magistrate to set or continue the preliminary hearing for both defendants beyond the 60 days prescribed by section 859b[6] in the absence of a personal waiver of the 60-day rule by both defendants . . . ." (Id. at p. 722.)
Maria Ramos and Dolares Gomez were jointly charged as accessories after the fact to murder. (Ramos, supra, 146 Cal.App.4th at p. 723.) The same complaint charged Efrain Ramos with murder. (Ibid.) Maria Ramos was arraigned on February 21, 2006, and a preliminary hearing was set for all the defendants on March 3, 2006. (Ibid.) On March 3, 2006, the preliminary *383 hearing was continued to April 6, 2006, with the consent of all three defendants. (Id. at p. 724.) On April 6, 2006, Efrain Ramos requested a four-week continuance, on the ground that he needed additional time to review discovery. (Ibid.) Maria Ramos objected to the continuance and also moved to sever her case. (Ibid.) The magistrate granted the continuance to May 3, 2006, and denied Maria Ramos's motion to sever, reasoning that "under section 1050.1 the good cause found for the continuance as to Efrain Ramos could be used to continue the preliminary hearing as to [Maria] Ramos . . . more than 60 days after arraignment." (Ibid.) Maria Ramos then moved to dismiss the complaint against her on the first day beyond the 60-day period specified in section 859b. (146 Cal.App.4th at p. 724.) The motion was denied. (Ibid.) Maria Ramos filed a petition for writ of mandate and the preliminary hearing for all defendants was eventually held on August 28 and 29, 2006. (Id. at p. 726.)
On review, Maria Ramos argued that "because she did not personally waive the 60-day time limit in section 859b, the magistrate was required to dismiss . . . when her preliminary hearing was continued more than 60 days after her arraignment [and that] the magistrate improperly used the joinder provisions in section 1050.1 to create an unauthorized exception to the mandate of section 859b." (Ramos, supra, 146 Cal.App.4th at pp. 726-727.) The court agreed that "inclusion of the defendant's personal waiver as the only express exception to the 60-day rule suggests the Legislature did not contemplate additional exceptions. [Citation.]" (Id. at p. 729.) The court rejected the People's argument that section 1050.1 provided a basis for the magistrate to conclude that "the good cause found to continue the preliminary hearing as to Efrain Ramos was also applicable to [Maria] Ramos, thereby justifying the continuance of the preliminary hearing as to her in order to maintain joinder of the defendants." (146 Cal.App.4th at p. 731.) Because the plain language of section 859b provided no good cause exception to the 60-day rule, the court concluded that "[t]o import a good-cause exception into the absolute 60-day rule in section 859b, absent the express direction of the Legislature (or the voters by initiative), would constitute an impermissible rewriting of the statute. [Citations.]" (146 Cal.App.4th at p. 732.)
The Ramos court further rejected the argument that "a defendant who has continuously objected to continuances of the preliminary hearing can be deemed to have personally waived the 60-day rule simply because a codefendant has done so [because] [a]ny such holding would effectively read the personal waiver requirement out of the statute and eviscerate the 60-day rule. [Citation.]" (Ramos, supra, 146 Cal.App.4th at p. 734.) The court observed that, under the circumstances of the case, "as between the People, who could have proceeded against all defendants albeit without the benefits of joinder, and a defendant who has insisted on her speedy trial rights, there is nothing inherently unfair about visiting the consequences of a codefendant's request *384 to continue a preliminary hearing beyond the 60-day period on the Peoplewho would retain their ability to refile charges against [Maria] Ramos after the mandatory section 859b dismissal. [Citation.]" (Ibid.)
The court recognized that the second sentence of section 1050.1, "expresses the section's strong preference that joinder be maintained [and] confirms that the unpreparedness or unavailability of a defendant, which constitutes good cause to continue the hearing or trial for that defendant, also permits continuance of the preliminary hearing or trial for another jointly charged defendant . . . ." (Ramos, supra, 146 Cal.App.4th at p. 735.) However, the court concluded that "severance of [Maria] Ramos's case was required not because her codefendants were unprepared but because her own absolute right to a preliminary hearing within 60 days of arraignment would be violated by a further continuance of the preliminary hearing date. Or phrased somewhat differently, as to [Maria] Ramos the further extension was necessarily more than `a reasonable period of time' in light of her right to insist on a preliminary hearing within the 60 days mandated by section 859b. Moreover, to interpret the second sentence of section 1050.1 as an unlimited ability of the magistrate to continue proceedings to maintain joinder, as the People suggest, would impermissibly deprive the first sentence of the statute of any meaning. [Citation.]" (Ibid.) Accordingly, the court held that the superior court should have dismissed the complaint against Maria Ramos. (Id. at pp. 722-723.)
We agree with the People that section 1382 differs from section 859b in several key ways. First, section 1382, subdivision (a)(2)(B), does not include such explicit "personal waiver" language. Second, section 1382, subdivision (a), does include a "good cause" exception. Thus, there is no question that section 1382 would have allowed Smith's trial to have been continued beyond April 27, as it was before that date, on a showing of good cause. However, there was no attempt to make such a showing.[7]
*385 Rather, the court relied solely on its view that the 10-day grace period provided by section 1382, subdivision (a)(2)(B), applied to both Smith and Sims. Despite the previously noted distinctions, Ramos is instructive on this issue of statutory interpretation. We have similar difficulty reading the relevant statutory language, in this case section 1382, to include an additional, but unwritten, exception. (See People v. Standish, supra, 38 Cal.4th at p. 870 ["the presence of express exceptions ordinarily implies that additional exceptions are not contemplated"]; Ramos, supra, 146 Cal.App.4th at p. 729.) Furthermore, as was the case in Ramos, rejecting the position advocated by the People here would not unfairly burden the prosecution in future cases. (Ramos, supra, at p. 734.) In this case, on April 27, the People had a choiceproceed to trial against both defendants that day or sever the cases. Severance of Smith's case would not have been required because his codefendant was unavailable or unprepared, but because his own right to a speedy trial would be violated by a further continuance. (See § 1050.1; Ramos, supra, at p. 735.)
In re Samano (1995) 31 Cal.App.4th 984 [37 Cal.Rptr.2d 491] (Samano), provides some support for the People's argument that Sims's request for a continuance should be imputed to Smith.[8] In Samano, a criminal prosecution involving 33 defendants, the magistrate granted the request of two defendants to continue the preliminary hearing so that they could complete review of voluminous discovery and granted the People's motion for a continuance, pursuant to section 1050.1, as to all other defendants. (31 Cal.App.4th at p. 988.) The magistrate also denied two objecting defendants' motions to be released on their own recognizance because the preliminary examination had been continued beyond the 10-court-day limit provided by section 859b. (31 Cal.App.4th at p. 988.) Concluding that section 859b must be harmonized with section 1050.1 in a multiple-defendant case, the majority held that "[t]he request of one properly joined defendant for a continuance of the preliminary *386 examination with good cause shall be deemed a request of all jointly charged defendants." (31 Cal.App.4th at p. 993.)
The Samano court construed "defendant" in section 859b, subdivision (b)(1),[9] to mean "all jointly charged defendants." (Samano, supra, 31 Cal.App.4th at pp. 992-993.) The court observed that section 859b does not speak to the situation of codefendants and reasoned that "it was not the People who initiated the instant dilemma; it was the moving codefendants. That codefendants insisted upon a continuance should not inure to the detriment of the People with the nonmoving codefendants as unintended third party beneficiaries. The People were ready for the preliminary hearing and wanted to go forward, but just once. Section 859b, subdivision (b) is premised on the People as the initiator of the continuance. The People were not required to make any additional showing of `good cause' to continue the preliminary hearing as to the nonmoving codefendants. Section 1050.1 is the equivalent of `good cause.'" (31 Cal.App.4th at p. 989.)
(6) We cannot reasonably construe "the defendant" in section 1382, subdivision (a)(2)(B), to mean "the defendant, or any jointly charged defendant." In Samano, "there [was] no question that the goals of a speedy preliminary hearing, on the one hand, and the joinder and bail provisions, on the other hand, [were] in conflict." (Samano, supra, 31 Cal.App.4th at p. 992.) Here, however, sections 1050.1 and 1382 are not necessarily in conflict. Contrary to the People's argument, our interpretation does not "require severance or dismissal whenever the automatic 10-day grace period is invoked by one jointly charged defendant's request for continuance beyond the 60-day period . . . ." (7) Rather, joinder could have been maintained by proceeding to trial on April 27, or on a further showing of good cause for continuance beyond that date.
The delay in bringing this case to trial cannot in any way be attributed to Smith. Smith and his counsel were available and prepared for trial at all times and never wavered in their demand that trial take place within the statutory period. We acknowledge that the People may be placed in the difficult circumstance of being required to proceed on a date certain when delay is caused entirely by a jointly charged codefendant, and not by action or inaction attributable to the prosecution. If the Legislature wishes to address this situation, it must say so. We conclude that the trial court erred by denying Smith's motion to dismiss.

*387 III. DISPOSITION
The order to show cause, having served its purpose, is discharged, and the petition is granted. Let a peremptory writ of mandate issue directing respondent to vacate its order denying Smith's motion to dismiss in San Francisco Superior Court case No. 207788, entitled People v. Smith, and enter a new and different order dismissing the information pending against Smith. To prevent any further delay of the proceedings below, this opinion shall be final as to this court within five (5) court days. (Cal. Rules of Court, rule 8.490(b)(3).) The previously issued stay shall dissolve on issuance of the remittitur. (Cal. Rules of Court, rule 8.490(c).)
Jones, P. J., and Simons, J., concurred.
NOTES
[1] Unless otherwise specified, all dates stated herein occurred in the year 2009.
[2] Unless otherwise noted, all further statutory references are to the Penal Code.
[3] It is not clear what occurred on April 22. However, Smith concedes that all continuances up until April 27 were supported by good cause.
[4] There was, for example, no contention that material witnesses were unavailable to the prosecution. (See People v. Shane (2004) 115 Cal.App.4th 196, 203 [8 Cal.Rptr.3d 753].)
[5] The Judicial Council recommendation adopted in Senate Bill No. 614 (1959 Reg. Sess.), which added the 10-day grace period now found in section 1382, subdivision (a)(2)(B), did not address the codefendant situation. (Judicial Council of Cal., Seventeenth Biennial Report (1959) p. 32 ["It is recommended that the section be amended to provide for dismissal of all cases not brought to trial within the statutory period (unless good cause is shown) except when the defendant has consented to the trial being set beyond the statutory period, and that in the latter situation the case must be dismissed if it is not brought to trial within 10 days after the last date for trial to which the defendant consented. This will clarify the present rule by (a) establishing that dismissal under Section 1382 may be had even though the defendant has previously consented to a delay beyond the statutory period, (b) fixing 10 days as a reasonable time for trial after expiration of the period consented to by the defendant, and (c) eliminating the possibility that delays attributable to a defendant which are wholly within the statutory period may prevent dismissal." (italics added)]; see also Note, Selected 1959 Code Legislation (1959) 34 State Bar J. 581, 717-718 ["Previously, if postponement of a trial was attributable to defendant, his right to a speedy trial was clouded [citations]. Now, when defendant secures postponement to a date beyond the statutory period of § 1382, the case must be dismissed unless defendant is brought to trial within 10 days after the last date for trial to which he himself has consented (Pen. Code § 1382)."].)
[6] Section 859b provides in relevant part that "[b]oth the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later . . . ." The statute further provides that "[w]henever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment, plea, or reinstatement . . . and the defendant has remained in custody for 10 or more court days solely on that complaint, unless either . . . [¶] (a) [t]he defendant personally waives his or her right to preliminary examination within the 10 court days . . . [or] [¶] (b) [t]he prosecution establishes good cause for a continuance beyond the 10-court-day period." Section 859b also provides: "If the preliminary examination is set or continued beyond the 10-court-day period, the defendant shall be released pursuant to Section 1318 unless: [¶] (1) The defendant requests the setting of continuance of the preliminary examination beyond the 10-court-day period. [¶] (2) The defendant is charged with a capital offense in a cause where the proof is evident and the presumption great. [¶] (3) A witness necessary for the preliminary examination is unavailable due to the actions of the defendant. [¶] (4) The illness of counsel. [¶] (5) The unexpected engagement of counsel in a jury trial. [¶] (6) Unforeseen conflicts of interest which require appointment of new counsel." Section 859b finally provides: "The magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceedings . . ., unless the defendant personally waives his or her right to a preliminary examination within the 60 days." (Italics added.)
[7] None of the factors that have been held to constitute good cause to compromise speedy trial rights in codefendant cases were present in the period after April 27. (See People v. Johnson (1980) 26 Cal.3d 557, 570 [162 Cal.Rptr. 431, 606 P.2d 738] [noting that courts have found good cause when delay caused by defendant's conduct, when delay was for defendant's benefit, and when delay arose from unexpected illness or unavailability of counsel]; Greenberger v. Superior Court, supra, 219 Cal.App.3d at p. 501 ["if the precipitating cause for trial delay is justifiable, such as codefendants' need to adequately prepare for trial, then the section 1098 joint trial mandate constitutes good cause to delay the trial of an objecting codefendant" (fn. omitted) (Greenberger)]; Hollis v. Superior Court, supra, 165 Cal.App.3d 642 [upholding determination of good cause as to objecting defendant when codefendants sought continuance to adequately prepare for trial].) Rather, the People seek to justify the continuance beyond April 27 solely on joinder grounds. However, in all of the cases in which joinder interests have been found to outweigh speedy trial rights, some evidence of a competing interest in addition to joinder has been presentedfor example, that the continuance was necessary to ensure the codefendant's right to effective assistance of counsel. (See Arroyo v. Superior Court, supra, 119 Cal.App.4th at pp. 466-467 [defendant's right to a speedy trial was violated when § 1050.1 did not apply, there were "absolutely no facts presented to the trial court and hence no weighing by the trial court of the facts and competing interests," and joinder was the sole basis for delay of trial]; Greenberger, supra, 219 Cal.App.3d 487; Hollis v. Superior Court, supra, 165 Cal.App.3d 642; Sanchez v. Superior Court (1982) 131 Cal.App.3d 884 [182 Cal.Rptr. 703]; Ferenz v. Superior Court (1942) 53 Cal.App.2d 639 [128 P.2d 48].) No balancing of competing interests occurred here. The People did not demonstrate good cause to delay Smith's trial beyond April 27.
[8] Samano was not cited by the People. Instead, the People rely on cases that do not address the impact on an objecting defendant of a request for continuance made by a jointly charged codefendant. (See Barsamyan v. Appellate Division of Superior Court (2008) 44 Cal.4th 960 [81 Cal.Rptr.3d 265, 189 P.3d 271]; People v. Johnson, supra, 26 Cal.3d 557; Townsend v. Superior Court (1975) 15 Cal.3d 774 [126 Cal.Rptr. 251, 543 P.2d 619].) None of these cases suggest that Sims's counsel could give valid consent, pursuant to section 1382, subdivision (a)(2)(B), on behalf of Smith, who was represented by independent counsel.
[9] Section 859b, subdivision (b)(1), provides: "If the preliminary examination is set or continued beyond the 10-court-day period, the defendant shall be released pursuant to Section 1318 unless: [¶] (1) The defendant requests the setting of continuance of the preliminary examination beyond the 10-court-day period." (Italics added.)