[Civ. No. 6892. Third Dist. July 28, 1942.]

F. K. FERENZ et al., Petitioners, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent.

J. M. Inman, Fred J. Harris, Lawrence J. Skirving and Roy Dailey for Petitioners.

Earl Warren, Attorney General, Sherrill Halbert and Lewis Drucker, Deputies Attorney General, and Otis D. Babcock, District Attorney, for Respondent.

THE COURT.—This is a petition for a writ of mandamus to require the respondent to dismiss the indictment against the petitioners and to discharge them from custody on the ground that the cause was not brought to trial within sixty days of the filing of the indictment, as required by section 1382 of the Penal Code. To this petition the respondent has filed a demurrer on the ground that the pleading fails to state facts sufficient to constitute a cause of action or to authorize the issuance of the writ of mandate.

The pleadings show that these seven petitioners were jointly indicted by the grand jury of Sacramento County, with two other defendants named Robert Noble and Ellis O. Jones, on May 5, 1942, for the crime of failing to register with the Secretary of State as officers or members of the board of directors of the ''Friends of Progress,'' a subversive organization advocating the overthrow of the United States Government by means of force and violence, contrary to the provisions of the Statutes of 1941, page 1236, chapter 183; that the petitioners were subsequently duly arraigned, and a plea of not guilty was entered as to each; that the trial of these petitioners was first set by consent for July 20th; that on motion the trial of said cause was subsequently re-set by consent of all parties for July 6th; that on the last-mentioned date the prosecution moved to continue the trial to July 21st, which was opposed by the petitioners on the ground that they were entitled to a speedy trial.

This motion was presented on affidavits of the respective parties. The affidavits in behalf of the prosecution show that the defendants Noble and Jones had been previously indicted by the federal.grand jury and were then on trial at Los Angeles in the United States district court on a charge of conspiracy to violate the sedition laws of the United States; that Noble and Jones were then in the exclusive custody of the United States officers and that it was impossible to secure their presence, and the presence of certain necessary witnesses until after the completion of that trial; that it is de-

sirable and necessary, to prevent a miscarriage of justice, that the nine defendants who are charged in this indictment be tried jointly, for the reason that the trial will require the presence of some fifty witnesses, including several who reside at Washington, D. C., and a large number at the city of Los Angeles, and that the trial of this cause will consume eight to ten weeks of time. Upon that showing, over the objection of the petitioners, the court ordered that the trial of this cause be set for July 21st; that on the last-mentioned date the prosecution moved for a continuance of the trial to July 28th. This motion was heard on affidavits of the respective parties upon the grounds heretofore mentioned and upon the further ground that the trial of the defendants Noble and Jones had not then been completed and that it was impossible to procure their attendance at the trial of this cause on July 21st. It appeared that if the cause was continued for trial to July 28th, the prosecution would then be enabled to secure the presence of Noble and Jones and the numerous witnesses whose attendance would be required. This motion was opposed by the petitioners on the same ground previously mentioned. The court determined from the evidence adduced on that motion that there was good cause for continuing the trial to July 28th and so ordered.

The petitioners subsequently moved to dismiss the indictment as to themselves for failure to bring the cause to trial as required by section 1382 of the Penal Code and to discharge them from custody. This motion was denied.

A previous petition for a writ of mandamus which was filed in this court by the same petitioners upon the same grounds was denied without prejudice. This petition was then filed in this court on July 22nd, to which a demurrer was filed, and the affidavits and proceedings of the trial court were also filed for consideration on this hearing.

The petitioners contend that they are entitled to a dismissal of the indictment and to a discharge from custody on the ground that their cause was not brought to trial speedily or within sixty days after the filing of the indictment as required by article I, section 13, of the Constitution, and section 1382 of the Penal Code.

We are of the opinion that the facts disclosed by the record in this case show good cause for the continuance of the trial of the petitioners in this case beyond the sixty-day period

prescribed by section 1382 of the Penal Code, which reads in part:

"The court, *unless good cause to the contrary is shown*, must order the prosecution to be dismissed in the following cases: . . . 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment, or filling of the information."

Article I, section 13, of the Constitution merely provides in that regard:

"The party accused shall have the right to a speedy and public trial."

The Constitution does not purport to fix a period of time within which a person charged with a crime shall be tried. It merely guarantees the accused a "speedy and public trial." While it is true that section 1382 of the Penal Code has been held to be mandatory, that section merely designates sixty days as the maximum time after the finding of the indictment or filing of the information within which the cause shall be tried "in the absence of a showing of *good cause* for extending that time." It does not necessarily follow that a defendant who has not been brought to trial within sixty days from the finding of the indictment or the filing of the information shall be entitled to a dismissal of the charge for lack of diligence in the prosecution of the cause. (*In re Begerow*, 133 Cal. 349 [65 Pac. 828, 85 Am. St. Rep. 178, 56 L. R. A. 513]; *People* v. *Romero*, 13 Cal. App. (2d) 667 [57 P. (2d) 557]; 8 Cal. Jur. 202, § 276.) In the present case we are convinced the prosecution has adequately shown good cause why the trial of this case against the petitioners should reasonably be continued to the 28th day of July, which is only twenty-two days beyond the period designated by section 1382 of the Penal Code.

It satisfactorily appears that it would be desirable and in the interest of justice that the nine defendants mentioned in the indictment should be jointly tried for the reason that they are all involved in the same violation of the statute intended to prevent subversive conduct tending to overthrow the government of the United States by force and violence and to impede organized efforts of government agencies in conducting the world-wide war in which this country is now engaged. It appears that during all of the time subsequent to the finding of the indictment in this case the two defendants Noble

and Jones were in the actual custody of federal officers and in actual trial in the United States District Court at Los Angeles on a charge of conspiracy to violate the sedition laws of the United States, of which charge they were recently convicted. It also appears that the District Attorney of Sacramento County has been unable to procure the attendance of said defendants Noble and Jones, or of the numerous witnesses hereinbefore referred to, at the trial of the cause prior to said 28th day of July; that a number of said witnesses reside in the city of Washington, D. C., and are not subject to process of the courts of California to procure their attendance at the trial; that said witnesses, who are connected with the Federal Government, have assured said district attorney they could and would voluntarily attend the trial as witnesses but would be unable to do so on more than one occasion; that the trial of the cause would consume eight to ten weeks of time and the attendance of approximately fifty witnesses, many of whom reside at Los Angeles, and that the necessity of severing the trial of these petitioners from that of the defendants Noble and Jones would be likely to result in great inconvenience and expense, with the likelihood of a miscarriage of justice.

For the foregoing reasons we assume good cause has been shown justifying the continuance of the trial of said cause to July 28th. This proceeding involves facts and conditions of unusual present interest to this State and Nation.

A petitioner is not entitled to the extraordinary remedy of mandamus as a mere matter of right. The court has a sound discretion in issuing or denying a writ of mandamus, dependent upon the circumstances of the particular case. (*Wiedwald* v. *Dodson,* 95 Cal. 450 [30 Pac. 580] ; 16 Cal. Jur. 768, § 7.) We assume that where the granting of a writ of mandamus is likely to result in great public detriment the court is warranted in denying it. (34 Am. Jur. 830, §§ 35, 36.)

The petition for a writ of mandamus is therefore denied.