[No. G033356. Fourth Dist., Div. Three. June 14, 2004.]

SERGIO ARROYO, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Michael Ian Garey for Petitioner.

No appearance for Respondent.

Tony Rackauckas, District Attorney, and Brian N. Gurwitz, Deputy District Attorney, for Real Party in Interest.

## OPINION

**O'LEARY, Acting P. J.**—The trial court continued Sergio Arroyo's trial, over his objection, beyond 60 days from the date he was arraigned on the indictment in the superior court. The sole reason for the continuance was to permit Arroyo's joint trial with a codefendant, who was not arraigned until the day before Arroyo's scheduled trial date. Arroyo seeks extraordinary writ relief from the superior court's denial of his subsequent motion to dismiss. (Pen. Code, § 1382.)[1] He contends the continuance was without good cause and he was denied his statutory right to a speedy trial. We agree and grant the petition.

### FACTS

Sergio Arroyo and a codefendant, Jose Luis Garcia Divas, were charged in a complaint with possession with intent to manufacture methamphetamine. Both were arraigned on the information on July 31, 2003, and a trial was scheduled for October 14.

On October 7, the grand jury issued an indictment against Arroyo, Divas, and a third codefendant, Aura Amaya. Arroyo and Divas were charged with conspiracy to possess pseudoephedrine with intent to manufacture methamphetamine. Amaya was charged with the substantive possession offense.

On October 21, Arroyo appeared in court for arraignment on the indictment. Amaya failed to appear because she was in custody in San Bernardino County. Divas failed to appear, and to date he has still not been arraigned on the indictment. At a pretrial hearing on November 21, the information was dismissed. A pretrial hearing for Arroyo was set for Friday, December 12, and his trial set for Monday, December 15.

Amaya's case in San Bernardino concluded and on December 2, she was served with an Orange County warrant. She appeared in court for the first time on December 12. Arroyo's counsel advised the court at the pretrial hearing that he was ready to proceed to trial on December 15, and he opposed any continuance because "my client's been in a long time." The prosecutor suggested Amaya should be ordered to return on December 15 to "see if the two defendants are going to be together for trial." The public defender's office was appointed and appeared on Amaya's behalf. She was ordered to return to court December 15 and her trial date was set for January 26, 2004.

On December 15, out of the presence of Arroyo or his attorney, Amaya's trial date was confirmed for January 26, 2004. Later that morning, Arroyo and

---

[1] All further statutory references are to the Penal Code.

his counsel appeared and announced ready for trial. The prosecutor also announced ready, but he asked "the court to continue the matter to join up with the codefendant that I took to the grand jury, Amaya[.] . . . We'd ask the court to find good cause to continue to try this matter one time instead of two times in the interest of judicial economy." Arroyo objected, asserting his statutory speedy trial rights, which he noted had not been waived. Arroyo argued that he had already been in custody an additional 60 days because of the indictment. Furthermore, Arroyo argued the prosecutor did not comply with the written notice requirements of section 1050. When given an opportunity to respond, the prosecutor stated only, "The court knows my position. I'll submit it."

When the court suggested section 1050.1 allowed a continuance under these circumstances, defense counsel explained why the section was inapplicable. The prosecutor again declined to respond. The court granted the continuance stating, "[P]ursuant to 1050.1 and the fact that Amaya, the codefendant, was first in court [December 12th] and had her matter set within the statutory time and that the reason therefore was her prior unavailability to the court, and once we had obtained her availability, the matter was immediately set within the statutory time, the court finds good cause to continue Arroyo's matter until January 26[, 2004] for trial."

After 60 days from Arroyo's arraignment on the indictment passed, he filed a motion to dismiss pursuant to section 1382. His motion was denied. Arroyo filed the instant petition seeking extraordinary relief. At our request, the People filed an informal response to the petition asserting section 1050.1 authorized the continuance and in any event maintaining joinder with Amaya was in and of itself good cause for continuance of Arroyo's trial. We then stayed the proceedings and issued an order to show cause. The People filed a formal return, conceding section 1050.1 is inapplicable, but reasserting their position that maintaining joinder alone constituted good cause for the continuance.

## DISCUSSION

Arroyo contends his speedy trial rights were violated when the court continued his trial beyond 60 days after his arraignment on the indictment without good cause, and the court abused its discretion by denying his motion to dismiss the action. We agree.

"A defendant's right to a speedy trial is a 'fundamental right' secured by both the United States and California Constitutions." (*Bailon v. Appellate Division* (2002) 98 Cal.App.4th 1331, 1344 [120 Cal.Rptr.2d 360].) In California, the right to a speedy trial is codified in several statutes. Section

1049.5 requires the court in felony cases to set a date for trial "within 60 days of the defendant's arraignment in the superior court unless, upon a showing of good cause as prescribed in Section 1050, the court lengthens the time. . . ." Section 1382, subdivision (a)(2) provides, "unless good cause to the contrary is shown," the court must dismiss "a felony case, when a defendant is not brought to trial within 60 days of the defendant's arraignment on an indictment . . . ." ■ Speedy trial rights are not absolute and the court may set or continue a felony case for trial beyond 60 days from arraignment upon a showing of good cause. When the court has acted without good cause, writ relief is appropriate. (§ 1511.)

■ It is undisputed Arroyo's trial was continued beyond the 60 days. The issue is whether the court had good cause for continuing the trial. The trial court's decision is reviewed for abuse of discretion (*People v. Jenkins* (2000) 22 Cal.4th 900, 1037 [95 Cal.Rptr.2d 377, 997 P.2d 1044] [broad discretion to determine whether good cause exists to grant continuance of trial under section 1050]; *People v. Memro* (1995) 11 Cal.4th 786, 852–853 [47 Cal.Rptr.2d 219, 905 P.2d 1305] [finding of good cause under section 1383 reviewed for abuse of discretion]), and "[t]he determination of whether an adequate showing of good cause has been demonstrated must be made on a case-by-case basis . . . ." (*Brown v. Superior Court* (1987) 189 Cal.App.3d 260, 266 [234 Cal.Rptr. 416].)

Preliminarily, we agree with Arroyo that the court erroneously relied upon section 1050.1 to satisfy the "good cause" requirement. The People concede the section is inapplicable. Section 1050.1 provides, "[i]n any case in which two or more defendants are jointly charged in the same complaint, indictment, or information, and the court or magistrate, for good cause shown, continues the arraignment, preliminary hearing, or trial of one or more defendants, the continuance shall, upon motion of the prosecuting attorney, constitute good cause to continue the remaining defendants' cases so as to maintain joinder."

■ Section 1050.1 permits the court to continue one defendant's trial beyond the 60 days, when his or her codefendant's trial has been *continued for good cause shown*. But Amaya's trial date was never continued for good cause. Rather, it was being set for the first time within the 60-day period applicable to her. (See § 1049.5.) Her trial date was not selected until virtually the last possible day to begin Arroyo's trial. Section 1050.1 does not provide for the automatic tacking of each newly arraigned codefendant's statutory time to be brought to trial. Were that the case, Arroyo could face yet another 60-day period if his codefendant Divas is arraigned before Arroyo's trial commences.

The People argue that regardless of the court's misplaced reliance on section 1050.1, the continuance was nonetheless supported by good cause—namely the statutory preference for joint trials embodied in section 1098, which provides, "When two or more defendants are jointly charged with any public offense, whether felony or misdemeanor, they must be tried jointly, unless the court order separate trials." The People contend this statutory preference for joint trials trumps a defendant's statutory right to a speedy trial. It does not. "[W]hile the preference for joint trial stated in section 1098 . . . serves judicial economy and the convenience of the court and counsel, such a consideration cannot subordinate the defendant's state constitutional right to a speedy trial without a showing of exceptional circumstances." (*Sanchez v. Superior Court* (1982) 131 Cal.App.3d 884, 893 [182 Cal.Rptr. 703]; see also *People v. Escarcega* (1986) 186 Cal.App.3d 379, 386, fn. 4 [230 Cal.Rptr. 638] ["We reject the People's contention . . . that the desires of the People and codefendant to avoid needless duplication or to obtain an expeditious disposition are relevant factors in determining whether defendant's right to a speedy trial was violated. [Citation.] The law is in fact to the contrary. The preference for a joint trial of jointly charged defendants does not constitute good cause to delay one defendant's trial beyond the time period set forth in . . . section 1382, subdivision 2"].)

Three of the four cases upon which the People rely in support of their argument that maintaining joinder outweighs speedy trial rights are easily distinguished. *In re Samano* (1995) 31 Cal.App.4th 984 [37 Cal.Rptr.2d 491] (*Samano*); *Greenberger v. Superior Court* (1990) 219 Cal.App.3d 487 [267 Cal.Rptr. 849] (*Greenberger*); and *Hollis v. Superior Court* (1985) 165 Cal.App.3d 642 [211 Cal.Rptr. 649] (*Hollis*), each involved a continuance sought by a codefendant who, upon filing affidavits and declarations, demonstrated the continuance was necessary to adequately prepare that codefendant's case. In each of those cases the trial court balanced the codefendant's constitutional right to effective assistance of counsel against the defendant's statutory speedy trial rights. (*Samano, supra,* 31 Cal.App.4th at pp. 991–992; *Greenberger, supra,* 219 Cal.App.3d at pp. 501, 504; *Hollis, supra,* 165 Cal.App.3d at pp. 646–647.) Here, there was no motion to continue by Amaya and no balancing of her competing constitutional interest against Arroyo's statutory right to a speedy trial.

*Ferenz v. Superior Court* (1942) 53 Cal.App.2d 639 [128 P.2d 48] (*Ferenz*), the fourth case upon which the People rely heavily, is most similar to this case. In *Ferenz*, the prosecution moved for continuance beyond the statutory 60-day period for the purpose of maintaining joinder. But in *Ferenz*, unlike this case, the prosecution made a strong *factual* showing as to *why* maintaining joinder in that particular case outweighed the defendants' speedy trial rights. The prosecutor presented detailed affidavits in support of the motion indicating two of the defendants were then on trial in a different court and it

was impossible to secure their presence. The affidavit also explained *why* it was necessary to try all nine defendants, who were jointly charged in the indictment—trial would require approximately 50 witnesses, including several residing out of state who advised the prosecutor they would voluntarily attend the trial but would be unable to do so on more than one occasion. In addition, the prosecutor estimated the trial would last almost 10 weeks. The court's finding of good cause to continue the case and maintain joinder was upheld based on the evidence adduced at the motion and the finding that a 22-day delay beyond the statutory period was not unreasonable. (*Id.* at pp. 642–643.) *Ferenz* does not stand for the proposition that maintaining joinder automatically outweighs speedy trial rights. Rather, it upheld a continuance where after engaging in a careful weighing of the facts and competing interests the trial court determined maintaining joinder was preferable.

In contrast to the foregoing authorities, in the present case there were absolutely no facts presented to the trial court and hence no weighing by the trial court of the facts and competing interests. It is clear from the prosecutor's comments, maintaining joinder was the sole basis for the requested continuance. The prosecutor made an oral motion on the day Arroyo's trial was to begin. He did not offer affidavits or any other evidence in support of the motion to continue, but simply referred to the efficiency of trying "this matter one time instead of two times . . . ." At the hearing on Arroyo's section 1382 motion to dismiss he affirmed maintaining joinder was the only concern: "I asked the judge if he wanted to try the case twice or just once . . . ."

The People now point to the charges listed in the information and the time estimate for trial noted in the court file, from which they urge us to infer that the trial court found good cause only *after* having considered Amaya's right to effective representation, Arroyo's speedy trial rights, and the People's reliance on section 1098. The People would have us infer the court found the length of delay reasonable to allow Amaya sufficient time to prepare for trial based solely on the charges and the trial estimate. But to do so runs contrary to the express requirements of the statutes. Section 1050, which governs continuances in criminal cases, requires, "At the conclusion of the motion for continuance, the court shall make a finding whether good cause has been shown and, if it finds that there is good cause, shall state on the record the facts proved that justify its finding. A statement of facts proved shall be entered in the minutes." (§ 1050, subd. (f); see also § 1049.5 [when setting trial past the 60 days the court "shall state on the record the facts proved that justify its finding"].)

Although the People correctly note section 1050 is only directory (§ 1050, subd. (*l*)), the total failure of the prosecution to comply with any of its

directives underscores the inescapable conclusion that both the prosecution and the trial court relied on maintaining joinder alone as the sole reason for continuance, without regard to any competing factors. In granting the motion the court referred to section 1050.1, and noted that since Amaya had only just appeared and had her trial set within the statutory time, there was good cause to continue Arroyo's trial as well. Nothing in the court's ruling suggests it balanced the competing interests of Amaya, Arroyo and the People. In fact, its remarks belie any notion that the continued trial date was arrived at as a result of any consideration of Amaya's right to be effectively represented or any consideration of Arroyo's speedy trial rights. In setting Amaya's trial date the court indicated, "[W]e will set [Amaya's] matter within the statutory time. There's a codefendant [Arroyo], but at this point she doesn't need to be concerned about that."[2] The court's sole consideration in selecting the trial date was Amaya's right to be tried within 60 days of her arraignment.

In conclusion, the record demonstrates maintaining joinder was the sole reason for continuing Arroyo's trial and the court did not weigh any competing factors—especially Arroyo's statutory speedy trial right. This was not a minimal delay. The trial date the court selected was 97 days after Arroyo was arraigned on the indictment and 179 days after he was originally arraigned on the information. Accordingly, the court's finding of good cause to continue Arroyo's trial was an abuse of discretion.

## DISPOSITION

The petition for writ of prohibition is granted. Let a writ of prohibition issue restraining respondent superior court from taking any further action against petitioner on case No. 03ZF0046 except to grant petitioner's motion to dismiss pursuant to Penal Code section 1382 and to dismiss the indictment. Upon finality of this decision, the stay previously issued will be dissolved.

Moore, J., and Fybel, J., concurred.

---

[2] In all fairness to the trial judge, we acknowledge the People's current basis for its motion was never presented to the trial judge for consideration. No judge could be expected to discern from the prosecution's comment regarding its desire to "join up" the codefendants and its expressed interest in judicial economy that the People were requesting the court to make a finding of good cause pursuant to section 1382. Given this court's concern for judicial economy, it is unfortunate that when given the opportunity to comment on the applicability of section 1050.1 by the trial court, following defense counsel's explanation as to why section 1050.1 was inapplicable, the prosecution chose not to respond and now concedes the statute's inapplicability.